# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| MATTHEW PAYTON,<br>　　　　　Appellant,<br><br>　　　　v.<br><br>UNITED STATES POSTAL SERVICE,<br>　　　　　Agency. | DOCKET NUMBER<br>DA-0752-18-0141-X-1<br><br><br>DATE: May 17, 2023 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Rebecca L. Fisher, Esquire, San Antonio, Texas, for the appellant.

Yvette K. Bradley, Esquire, Dallas, Texas, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

### FINAL ORDER

¶1　　　This compliance proceeding was initiated by the appellant's petition for enforcement of the Board's April 30, 2018 order in *Payton v. U.S. Postal Service*,

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

MSPB Docket No. DA-0752-18-0141-I-1, in which the administrative judge accepted the parties' settlement agreement into the record for enforcement purposes. *Payton v. U.S. Postal Service*, MSPB Docket No. DA-0752-18-0141-I-1, Initial Appeal File (IAF), Tab 17, Initial Decision (ID). On November 16, 2020, the administrative judge issued a compliance initial decision finding the agency not in compliance with the Board's April 30, 2018 order. *Payton v. U.S. Postal Service*, MSPB Docket No. DA-0752-18-0141-C-1, Compliance File (CF), Tab 7, Compliance Initial Decision (CID). For the reasons discussed below, we find the agency in compliance and DISMISS the petition for enforcement.

## DISCUSSION OF ARGUMENTS AND EVIDENCE ON COMPLIANCE

¶2 On January 5, 2018, the appellant filed an appeal alleging that the agency subjected him to an enforced leave or constructive suspension action. IAF, Tab 1. On April 30, 2018, the administrative judge, pursuant to a settlement between the parties, issued an initial decision dismissing the appeal as settled and accepting the settlement agreement into the record for enforcement purposes. ID at 1-2. The settlement agreement called for, *inter alia*, the appellant to request a voluntary downgrade to a labor custodial position, and the agency to grant his request and to transfer him to the Corsicana Post Office. IAF, Tab 16 at 5-6. The agreement specifically stated that the appellant's new position would provide a salary of $57,935. *Id*. at 5. The initial decision became the final decision of the Board on June 4, 2018, when neither party petitioned for review. ID at 3.

¶3 On August 12, 2020, the appellant filed a petition for enforcement of the settlement agreement. CF, Tab 1. The appellant alleged that the agency was not in compliance with the settlement agreement because it transferred him to a labor custodial position officially designated as part-time, rather than full-time. CF, Tab 1 at 4-5. The appellant further alleged that, since June 2020, the agency had stopped providing him full-time hours. *Id*. The agency responded to the appellant's claims by arguing that it was in compliance because the appellant's

hourly wage of $27.85 was the equivalent of the previously agreed upon full-time salary for his position. CF, Tab 4 at 7-8.

¶4    On November 16, 2020, the administrative judge found the agency not in compliance with the settlement agreement. CID at 1-7. The administrative judge found that, because the agreement expressed the appellant's salary at an annual rate, as opposed to an hourly rate, the parties' intent was that the appellant's position would be full-time. CID at 6. The administrative judge also noted that the appellant occupied a full-time position before the downgrade and that the settlement agreement did not support a change in that designation. *Id.* As such, the administrative judge held that the agency's placement of the appellant in a part-time position breached the settlement agreement. CID at 6-7. Accordingly, the administrative judge ordered the agency to place the appellant in a full-time Labor Custodial position effective May 12, 2018, as well as pay the appellant all required back pay, benefits, and interest. CID at 7. The administrative judge further ordered the agency to inform the appellant in writing of all actions taken to reach compliance. CID at 8.

¶5    Neither party filed any submission with the Clerk of the Board within the time limit set forth in 5 C.F.R. § 1201.114. As such, pursuant to 5 C.F.R. § 1201.183(b)-(c), the administrative judge's findings of noncompliance became final, and the appellant's petition for enforcement was referred to the Board for a final decision on issues of compliance. *Payton v. U.S. Postal Service*, MSPB Docket No. DA-0752-18-0141-X-1, Compliance Referral File (CRF), Tab 1.

¶6    On January 6, 2020, the agency informed the Board and provided evidence reflecting that it had created a full-time Labor Custodial position at the Corsicana Post Office for the appellant and was currently processing the Postal Service (PS) Form 50, Notification of Personnel Action, to reflect that the appellant occupied

that position.[3]  CRF, Tab 2 at 4, 6-8.  The agency also stated and provided evidence showing that it had initiated the back pay process and had contacted the appellant for his required signatures.  *Id.* at 4-5, 9-23.

¶7          On March 26, 2021, the Board issued an order noting that the agency had not yet submitted a PS Form 50 reflecting that the appellant's position had been modified as required, nor had it submitted evidence demonstrating that it paid all back pay and interest to the appellant.  CRF, Tab 4 at 2.  The Board thus ordered the agency to provide evidence as to whether a new PS Form 50 had been processed, as well as evidence showing that the appellant had provided him all required back pay and benefits.  *Id.*  The Board also ordered the agency to include full details of its back pay calculations and a narrative summary of the payments. *Id.*

¶8          On June 29, 2021, the agency submitted a new compliance report.  CRF, Tab 6.  The agency's submission included a PS Form 50 indicating that the appellant's position had been redesignated as full-time, along with multiple reports on back pay payments made to the appellant.  *Id.* at 9-21.  The submission did not, however, include the required narrative summary of the payments explaining what was paid to the appellant.  CRF, Tab 6.  Thus, on July 21, 2021, the Board issued a second order on compliance, requiring the agency to submit a narrative summary regarding the back pay and interest payments.  CRF, Tab 7.

¶9          On July 21, 2021, the agency submitted its final compliance report.  CRF, Tab 8.  The new report included a narrative explaining the payments made to the

---

[3] On February 12, 2021, the agency submitted a pleading indicating that the parties had reached a settlement agreement on the issue of outstanding attorney fees.  CRF, Tab 3. The appellant had not, however, filed a petition for attorney fees with the Board, and the settlement agreement did not contain a waiver regarding the remainder of his claims, including the petition for enforcement at issue in the present matter.  Therefore, we here adjudicate only the issues raised in the appellant's petition for enforcement, and we find that the attorney fee issue is not presently before us.

appellant, along with the prior evidence of compliance from the previous compliance report. *Id.*

## ANALYSIS

¶10 A settlement agreement is a contract and, as such, will be enforced in accordance with contract law. *Burke v. Department of Veterans Affairs*, 121 M.S.P.R. 299, ¶ 8 (2014). The Board will enforce a settlement agreement that has been entered into the record in the same manner as a final Board decision or order. *Id.* When the appellant alleges noncompliance with a settlement agreement, the agency must produce relevant material evidence of its compliance with the agreement or show that there was good cause for noncompliance. *Id.* The ultimate burden, however, remains with the appellant to prove breach by a preponderance of the evidence. *Id.*

¶11 The agency's outstanding compliance issues were its obligations to redesignate the appellant's position as full-time and provide him all outstanding back pay, benefits, and interest. CID at 7-8. The agency's submissions demonstrate that it has now met all of its obligations. The August 12, 2021 submission includes evidence that the agency redesignated the appellant's position as full-time as of May 12, 2018. CRF, Tab 8 at 6. The submission further includes evidence that the agency provided the appellant all back pay, benefits, and interest owed as a result of him not being allowed to work full-time hours starting in June 2020, along with the required explanation of the payments. *Id.* at 4-5, 7-23. The appellant did not respond to or challenge these submissions, and we therefore assume that he is satisfied with the agency's compliance. *See Baumgartner v. Department of Housing and Urban Development*, 111 M.S.P.R. 86, ¶ 9 (2009).

¶12 Accordingly, in light of the agency's evidence of compliance and the appellant's lack of a response, the Board finds the agency in compliance and dismisses the petition for enforcement. This is the final decision of the Merit

Systems Protection Board in this compliance proceeding.  Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

## NOTICE TO THE APPELLANT REGARDING
## YOUR RIGHT TO REQUEST
## ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs.  To be paid, you must meet the requirements set out at title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g).  The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203.  If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION.  You must file your attorney fees motion with the office that issued the initial decision on your appeal.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.    5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.    *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:        /s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.